# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| RANDO BETANCOURT BARCO, MICHEL FUENTES LUIS, LUIS ALFONSO MEJIA VELASQUEZ,<br><br>*Plaintiffs/Petitioners*,<br><br>v.<br><br>COREY PRICE, in his official capacity as Director of the El Paso ICE Field Office; DORA OROZCO, in her official capacity as Warden of Otero County Processing Center; MATTHEW T. ALBENCE, in his official capacity as Deputy Director and Senior Official Performing the Duties of the Director of the U.S. Immigration & Customs Enforcement; CHAD WOLF, in his official capacity as Acting Secretary, U.S. Department of Homeland Security; WILLIAM P. BARR, in his official capacity as Attorney General, U.S. Department of Justice; and U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT,<br><br>*Defendants/Respondents*. | Case No.: 2:20-cv-350-WJ-CG |

## JOINT RESPONSE TO COURT'S ORDER

Plaintiff-Petitioners and Defendants-Respondents, by and through counsel, hereby notify the court that counsel have conferred and determined the following issues remain to be litigated, in accordance with this Court's Order entered May 4, 2020. **Doc 28**.

Plaintiff-Petitioners' position is that the Court's resolution of the Temporary Restraining Order does not resolve their underlying habeas petition. The Court's Order addresses whether, on a very abbreviated factual record, Plaintiffs-Petitioners satisfied "their heightened burden to demonstrate that the extraordinary remedy of a temporary restraining order is warranted." Order at 2.

1

In the time since Defendants-Respondents submitted their opposition to Plaintiffs' TRO request, factual developments at Otero County Processing Center demonstrate that Defendants-Respondents are not adequately protecting medically vulnerable prisoners from infection. According to their own representation, cases at Otero have increased exponentially numerous times in the past weeks, doubling again and again. The Court's order notes that "As of April 23, 2020, there is one documented positive COVID-19 case at Otero." Order 7. According to Defendants' own records, at present there are 38 confirmed COVID-19 cases. That number only continues to grow.

In addition, Plaintiffs-Petitioners have additional evidence and argument to submit regarding both their medical vulnerability and the availability of release conditions that would mitigate against any public interest concerns with flight risk. Accordingly, the following issues remain to be litigated:

1. The constitutional adequacy of measures taken to prevent and mitigate the impact of an outbreak of COVID-19 at the facility, and factual questions related to whether guidelines are actually being followed by staff at the facility;
2. The medical vulnerability of plaintiffs; and
3. The availability of release conditions that would mitigate any concerns as to flight risk.

Respondents maintain that Plaintiff-Petitioners' petition should be denied for the same reasons the Court denied the temporary restraining order/preliminary injunction. Petitioners cannot challenge the conditions of their confinement through a habeas petition. Petitioners further cannot establish that their detention is unconstitutional. An increase in confirmed COVID-19 cases at Otero does not establish that their detention is not rationally related to a

legitimate government purpose or excessive in relation to that purpose. Respondents, however, acknowledge that rulings at the preliminary injunction stage ordinarily are not binding on the Court on a decision on the merits of the petition. *See Fish v. Schwab*, No. 18-3133, ___ F.3d ____, 2020 WL 2050644, at *23 (10th Cir. Apr. 29, 2020). Thus, Respondents agree that a briefing schedule is appropriate.

Counsel for plaintiffs and defendant hereby jointly request that this court order a briefing schedule. The parties respectfully propose the following schedule: Defendants/Respondents' Return due 14 days from the Court's order setting the briefing schedule; Plaintiff/Petitioner's Traverse due seven days from the deadline for Defendants/Respondents' Return.

Dated: May 18, 2020                          Respectfully submitted,

**/s/ María Martínez Sánchez**
María Martínez Sánchez
Joachim Marjon
Zoila Y. Alvarez Hernández
ACLU OF NEW MEXICO
P.O. Box 566
Albuquerque, NM 87103
(505) 266-5915
msanchez@aclu-nm.org
jmarjon@aclu-nm.org
zalvarez@aclu-nm.org

David C. Fathi*
Eunice H. Cho*
Curtis Harris
American Civil Liberties Union
Foundation, National Prison Project
915 15th St. N.W., 7th Floor
Washington, DC 20005
(202) 548-6616
dfathi@aclu.org
echo@aclu.org
charris@aclu.org

Michael Tan

Omar C. Jadwat
American Civil Liberties
Union Foundation,
Immigrants' Rights Project
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2600
mtan@aclu.org
ojadwat@aclu.org

Noor Zafar
Dror Ladin
American Civil Liberties Union
Foundation, National Security
Project
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2500
nzafar@aclu.org
dladin@aclu.org


*Not admitted in DC;
practice limited to federal courts.*


and

JOHN C. ANDERSON
United States Attorney

*/s/ Tiffany L. Walters*
TIFFANY L. WALTERS
Assistant United States Attorney
P.O. Box 607
Albuquerque, NM 87103
(505) 224-1493
(505)346-7205 (fax)
tiffany.walters2@usdoj.gov