# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

RANDO BETANCOURT BARCO, MICHEL
FUENTES LUIS, LUIS ALFONSO MEJIA
VELASQUEZ,

        Plaintiffs/Petitioners,

    v.                                                                              No. 2:20-cv-350-WJ-CG

COREY PRICE, in his official capacity as Director
of the El Paso ICE Field Office; DORA OROZCO, in
her official capacity as Warden of Otero County
Processing Center; MATTHEW T. ALBENCE, in his
official capacity as Deputy Director and Senior Official
Performing the Duties of the Director of the U.S.
Immigration & Customs Enforcement; CHAD WOLF,
in his official capacity as Acting Secretary, U.S.
Department of Homeland Security; WILLIAM P.
BARR, in his official capacity as Attorney General, U.S.
Department of Justice; and U.S. IMMIGRATION AND
CUSTOMS ENFORCEMENT,

        Defendants/Respondents.

**MEMORANDUM OPINION AND ORDER CLARIFYING THE COURT'S ORDER
DENYING PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER
AND DISMISSING PLAINTIFF'S PETITION FOR WRIT OF HABEAS CORPUS
AND COMPLAINT FOR LACK OF JURISDICTION**

**THIS MATTER** comes before the Court resulting from the Parties' responses to the Court's July 15, 2020 Order to Show Cause. Plaintiff Luis Alfonso Mejia Velasquez is the only remaining plaintiff in this case.[1] He is a noncitizen detainee in the process of being removed from

---

[1] Defendants released Plaintiff Michel Fuentes Luis and Plaintiff Rando Betancourt Barco from custody, which mooted their claims. Doc. 31 (Plaintiff's Motion for Clarification of Ruling) at 3 n.2 ("The claims brought by Petitioner Michel Fuentes Luis have been mooted by his release."); Doc. 21 (Notice of Petitioner Barco's Release from ICE Custody) at 1 ("Petitioner Rando Betancourt Barco was released from the Otero County Processing Center on or about April 21, 2020, where he was being held in ICE custody. Accordingly, Plaintiffs-Petitioners no longer require a temporary restraining order or writ of habeas corpus compelling Mr. Barco's immediate release from custody.").

the United States and is being held by Immigration and Customs Enforcement (ICE) at the Otero County Processing Center ("Otero"). He seeks an order from the Court immediately releasing him from Otero because of COVID-19 through a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and, alternatively, through injunctive relief under 28 U.S.C. § 1331.

Following the Court's denial of Plaintiff's motion for a temporary restraining order (Doc. 27, "previous Order"), subsequent filings by the Parties indicated that they were unclear as to the posture of the case. *See, e.g.*, Doc. 29 (Parties' Joint Response to the Court's Order for Status of the Case); Doc. 36 (Plaintiff's Response to the Court's Order to Show Cause); Doc. 37 (Defendants' Response to the Court's Order to Show Cause).

In the previous Order, the Court stated:

[T]he Court finds that Plaintiffs are challenging the conditions of their detention, as opposed to its fact or duration, which is not appropriate under 28 U.S.C. § 2241.

Doc. 27 at 11. The Court acknowledges that this statement does not make it clear whether the Court can exercise jurisdiction over Plaintiff's case. The Court, therefore, finds it necessary to clarify the Court's previous Order to make it clear that there is no basis for this case to continue on the jurisdictional grounds asserted by Plaintiff. *See Bd. of Cty. Commissioners for Garfield Cty, Colo. V. W.H.I., Inc. et al.,* 992 F.2d 1061, 1063 (10th Cir. 1993) ("Jurisdictional questions are of primary concern and can be raised at any time by courts on their own motion"). As explained in the Court's previous Order, Plaintiff cannot challenge the conditions of his confinement under 28 U.S.C. § 2241 and, as clarified in this Order, Plaintiff also cannot obtain release from custody through injunctive relief under 28 U.S.C. § 1331. Accordingly, the Court must dismiss Plaintiff's petition for a writ of habeas corpus and complaint for lack of jurisdiction.

As explained in the Court's previous Order, the "fundamental purpose of a § 2241 habeas proceeding is . . . 'an attack by a person in custody upon the legality of that custody, and . . . the

traditional function of the writ is to secure release from illegal custody.'" *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)). "It is well-settled law that prisoners who wish to challenge only the conditions of their confinement, as opposed to its fact or duration, must do so through civil rights lawsuits filed pursuant to 42 U.S.C. § 1983 or *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971)—not through federal habeas proceedings." *Standifer v. Ledezma*, 653 F.3d 1276, 1280 (10th Cir. 2011). Plaintiff is not challenging the legality or duration of his detention. At the core of his argument, he contends that the conditions of his detention at Otero are inadequate to protect him from exposure to COVID-19. That is not appropriate under 28 U.S.C. § 2241. Other courts in the Tenth Circuit have held the same. *See, e.g., Rodas Godinez v. United States Immigration & Customs Enf't*, 2020 WL 3402059, at *3 (D.N.M. June 19, 2020) ("Under the binding Tenth Circuit law cited above, a conditions of confinement claim such as this is not appropriate in a § 2241 habeas action but must be asserted under § 1983 or *Bivens*."); *Codner v. Choate*, 2020 WL 2769938, at *6 (D. Colo. May 27, 2020) ("Given these considerations, and the weight of Tenth Circuit authority, the Court finds that § 2241 is not the proper vehicle for a conditions of confinement claim."). Thus, Plaintiff's petition for a writ of habeas corpus must be dismissed for lack of jurisdiction.

Plaintiff's requested relief is also not available through an injunction under 28 U.S.C. § 1331. As the Tenth Circuit explained in *Standifer*, conditions of confinement claims such as those raised by Plaintiff must proceed "through civil rights lawsuits filed pursuant to 42 U.S.C. § 1983 or *Bivens*." *Standifer*, 653 F.3d at 1280. Plaintiff, however, has not plead a claim under *Bivens* or otherwise requested injunctive relief to remedy specific conditions of confinement under 28 U.S.C. § 1331. Instead, Plaintiff requests relief in the form of release from custody, which is not available apart from a writ of habeas corpus. Specifically, Plaintiff seeks release from detention

at Otero, either in the form of supervised or custodial release (Doc. 3 at 20); remote monitoring or check-ins (i*d.* at 27); or simply "immediate release from custody" (*id.* at 31). However, Plaintiff points to no controlling case precedent or statute giving this Court authority to either release ICE detainees or designate placement of ICE detainees pursuant to 28 U.S.C. §1331. As the Supreme Court recently emphasized, habeas "is the appropriate remedy to ascertain . . . whether any person is rightfully in confinement or not." *Dep't of Homeland Sec. v. Thuraissigiam,* 140 S. Ct. 1959, 1969 (2020) (quoting Blackstone's Commentaries). A writ of habeas corpus is, in fact, the "sole federal remedy" when the relief sought is immediate release, *Preiser*, 411 U.S. at 500, and reframing Plaintiff's request for release as a request for injunctive relief under 28 U.S.C. § 1331 does not allow Plaintiff's claim to survive. Accordingly, Plaintiff's complaint must also be dismissed for lack of jurisdiction under 28 U.S.C. § 1331.

For the foregoing reasons, the Court finds that there is no basis for this case to continue on either of the jurisdictional grounds asserted by Plaintiff. He cannot challenge the conditions of his confinement under 28 U.S.C. § 2241, and he cannot obtain release from ICE custody at Otero through injunctive relief under 28 U.S.C. § 1331. Accordingly, Plaintiff's petition for a writ of habeas corpus and complaint are **DISMISSED**.

**IT IS SO ORDERED**.

_____
**CHIEF UNITED STATES DISTRICT JUDGE**